**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
(Baltimore *Division*)

| | | |
|---|---|---|
| **IN RE:** | * | |
| **SORIA RASHUN WAKE** | * | Case No.: 25-14882-NVA |
| **3431 ADDIE PLACE** | | |
| **BALTIMORE, MD 21244** | * | Chapter 13 |
| | * | |
| **Debtor** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| **SORIA RASHUN WAKE** | * | |
| **Plaintiff,** | | Adversary Proceeding No.: |
| | * | |
| Vs. | | |
| | * | |
| **MECU** | | |
| **1 S. STREET** | * | |
| **BALTIMORE, MD 21202** | | |
| | * | |
| **Defendant** | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**Complaint to Recover Preference Payments by Consumer Debtor**

**Introduction**

1.  This is an action for recovery of aggregate payments greater than $600.00 for an antecedent debt made to a creditor by the debtor within the 90-day preference period.

**Jurisdiction and Venue**

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 547 and 550.

3.  Venue is proper pursuant to 28 U.S.C. § 1409.

4.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

1

5. The statutory authority for the relief sought herein are 11 U.S.C. §§s 502, 547 and 550, and Rules §§s 3007 and 7001 of the Federal Rules of Bankruptcy Procedure.

## Parties

6. The Plaintiff is a Debtor under Chapter 13 of Title 11 in the above-captioned.

7. The Defendant, MECU (hereafter "Defendant"), is a Credit Union and, upon information and belief, that does have an active in good standing status in the State of Maryland.

## Factual Allegations

8. The underlying Chapter 13 bankruptcy case commenced by the filing of a petition with the Clerk of this Court on May 30, 2025. That on May 30, 2025, the Notice of Commencement of Case was mailed to Defendant by the United States Bankruptcy Court. There is no evidence in the docket that any mail was returned as "undeliverable" to Defendant, thus the Plaintiff has reason to believe the Defendant had actual knowledge as to the Notice of Commencement of Case.

9. The 341(a) meeting of creditors is scheduled was held in Baltimore, Maryland on July 10, 2025.

10. In the ninety (90) day period preceding the Petition Date (the "Preference Period"), the Defendant transferred ("Transfer") by garnishment, $1,831.55 from the Plaintiff's payroll. A copy of the Plaintiff's pertinent pay records is attached hereto and marked as **"Exhibit A"**.

## First Claim for Relief

11. The Plaintiff realleges and incorporates by reference paragraphs 1 through 10 above as if fully set out herein.

12. The Defendant continued to garnish the Plaintiff wages subsequent to the May 30, 2025 filing date on 2 separate occasions for total of $839.40 and therefore alleges that the actions of the Defendant constitute gross violations of the automatic stay as set forth in 11 U.S.C. § 362(a)(3) which prohibits "any act to exercise control over property of the estate."

13. Because of the above violation of 11 U.S.C. § 362, the Defendant is liable to the Plaintiff for actual damages, punitive damages and legal fees.

## Second Claim for Relief

14. The Plaintiff realleges and incorporates by reference paragraphs 1 through 13 above as if fully set out herein

15. The Transfer was made while the Plaintiff was insolvent. The Plaintiff is entitled to the presumption of insolvency for the garnishment of $1,810.68 of her pay by Defendant by transfer made during the preference period pursuant to 11 U.S.C. § 547(f).

16. The transfer was to or for the benefit of a creditor pursuant to 11 U.S.C. § 547(b)(1) because the transfer reduced or satisfied a debt then owed by the Plaintiff to the Defendant. The transfer was for or on account of an antecedent debt owed by the Plaintiff to the Defendant for goods or services before the transfer was made.

17. Because of the above violation of 11 U.S.C. § 547, the Defendant is liable to the Plaintiff for actual damages and legal fees.

**WHEREFORE,** the Plaintiff having set forth his claims for relief against the Defendant respectfully prays to the Court as follows:

a. That the Defendant tender to the Plaintiff $1,810.68 for preference transfers and an additional $838.40 for stay violation as described above; for a total due of $2,650.80 and

b. For such other and further relief as may be just and proper.

Date: Friday, July 04, 2025     /s/ Robert N. Grossbart, Esquire
                                Robert N. Grossbart, Esquire (04116)
                                Grossbart, Portney & Rosenberg, P.A.
                                One Charles Center
                                100 North Charles Street, 20th floor
                                Baltimore, Maryland 21201
                                (410) 837-0590
                                FAX (410) 837-0085
                                Email: Robert@grossbartlaw.com
                                Attorney for Debtor(s)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on Friday, July 04, 2025, a copy of the foregoing Complaint Seeking Damages in Core Adversary Proceeding was mailed first class mail, postage prepaid or delivered via CM/ECF to the following:

Office of the US Trustee
6305 Ivy Lane
#600
Greenbelt, MMD 20770

REBECCA A. HERR
185AdmiralCochrane Drive
Suite 240
Annapolis, MD 21401

MECU
1 South Street
Baltimore, Md 21202

Klima, Peters & Daily
8028 Ritchie Highway
Suite 300
Baltimore, Md 21122

/s/ Robert N. Grossbart
Robert N. Grossbart, Esq.